U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2023 APR 13  AM 10: 29

CLERK

BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. )    Case No. 5:16-cr-28-2
)
JOAQUIN DIAZ-ALICEA, )
)
    Defendant. )

## ORDER ADOPTING REPORT AND RECOMMENDATION
### (Doc. 346)

Petitioner Joaquin Diaz-Alicea attacks his sentence collaterally under 28 U.S.C. § 2255.

He also moves the court for appointment of counsel. The Honorable Kevin Doyle, United States

Magistrate Judge, issued his report and recommendation that the court deny both motions. For

the reasons that follow, the court adopts Judge Doyle's report and recommendation.

### Factual Background

Following a guilty plea to one count of conspiracy to distribute heroin and 28 grams or

more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, the court sentenced Mr.

Diaz-Alicea to 120 months of incarceration. (Docs. 265, 266.) Mr. Diaz-Alicea took a direct

appeal. The Second Circuit affirmed the judgment on June 9, 2020. *United States v. Diaz-Alicea*,

813 F. App'x 649 (2d Cir. 2020).

On June 9, 2021, Mr. Diaz-Alicea filed a habeas petition pursuant to 28 U.S.C. § 2255.

(Doc. 318.) He has represented himself. The petition raises four issues:

- At sentencing, defense counsel failed to object to the drug weight, which included drugs seized from a vehicle on November 18, 2014. Mr. Diaz-Alicea denies any involvement with that vehicle.

- Mr. Diaz-Alicea, who pled guilty to conspiracy to distribute drugs, alleges that he was advised by defense counsel that he could not receive more than a sentence of 60 months because his co-defendant, Mr. Cruz, who pled guilty to conspiracy to distribute drugs *and* possession of a firearm in furtherance of the offense in violation of 18 U.S.C. § 924(c), received 60 months of imprisonment on each count.
- At sentencing, the court failed to apply a 1:1 ratio of crack to powder cocaine.
- The 120-month sentence on a single count of conspiracy which carried a mandatory minimum of 60 months was disproportionately severe.

In addition, Mr. Diaz-Alicea filed a motion to appoint counsel to represent him for purposes of his habeas petition. (Doc. 324.) The Government responded in opposition. (Docs. 326, 333.)

United States Magistrate Judge Doyle considered both motions, including each basis of relief Mr. Diaz-Alicea raised in his habeas petition, and recommended that the court deny both motions. (Doc. 346.) No party filed an objection to Judge Doyle's report and recommendation.

## Legal Standard

A party may object to a magistrate judge's report and recommendation within 14 days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Rule 12 of the Rules Governing Section 2255 Proceedings, ("The Federal Rules of Civil Procedure . . . to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). If a party objects, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3).

Where, as here, no party objects to a magistrate judge's report and recommendation, a district court reviews it for clear error. Fed. R. Civ. P. 72(b) advisory committee's 1983 note; *Brown v. Peters*, No. Civ.A. 95CV1641, 1997 WL 599355, at *2 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) (collecting cases), *aff'd* 175 F.3d 1007 (2d Cir. 1999) (summary order). A district

2

court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**Analysis**

The court begins its analysis by considering Judge Doyle's recommendation that the court deny Mr. Diaz-Alicea's habeas petition before turning to Judge Doyle's recommendation that the court deny his motion to appoint counsel.

**I.      Habeas Petition**

Judge Doyle carefully considered each basis for habeas relief that Mr. Diaz-Alicea raised. The court considers these issues in order.

**A.      No Objection to Drug Weight Calculation**

Judge Doyle first considered Mr. Diaz-Alicea's claim that his counsel rendered ineffective assistance by failing to object to the court's inclusion of the drug weight from the November 18, 2014 vehicle seizure. (Doc. 346 at 6–11.) After considering evidence including an affidavit from Mr. Diaz-Alicea's attorney and correspondence between Mr. Diaz-Alicea and that attorney, Judge Doyle concluded both that Mr. Diaz-Alicea's attorney acted withing the range of reasonable professional assistance and that Mr. Diaz-Alicea had failed to demonstrate the court would have sentenced him differently but for the purported ineffective assistance. (*Id.* at 10–11.)

The record supports Judge Doyle's conclusion that Mr. Diaz-Alicea discussed the pros and cons of objecting to the inclusion of drug weight resulting from the November 18, 2014 traffic stop and seizure. These include the attorney's contemporaneous notes, as well as correspondence with Mr. Diaz-Alicea. The legal standard for the inclusion of the drug weight from the November 18, 2014 traffic stop was not whether Mr. Diaz-Alicea was present at the traffic stop. Rather, it was whether the seized amounts should be included as "relevant conduct"

3

for purposes of the base offense level. U.S.S.G. § 1B1.3. This standard requires the sentencing court to consider whether the conduct of a co-conspirator was reasonably foreseeable and occurred in furtherance of the conspiracy and while the defendant was a member of the conspiracy. U.S.S.G. § 1B1.3(a)(1)(B).

Defense counsel advised Mr. Diaz-Alicea not to deny his involvement in the conspiracy at the time of the November 2014 search because he might appear to be lying. This issue resulted in a request for a new attorney, which Mr. Diaz-Alicea later withdrew. The evidence is strong that, in the end, Mr. Diaz-Alicea agreed with his attorney's advice that he was not likely to succeed in removing the drug weight from the total calculation.

The court agrees with Judge Doyle's assessment of the evidence.[1] Mr. Diaz-Alicea had the burden of proof for both prongs of the ineffective-assistance-of-counsel claim. These two

---

[1] The Report and Recommendation reached factual conclusions without conducting an evidentiary hearing. 28 U.S.C. § 2255 requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). Federal judges are entrusted with discretion to make this determination. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings ("If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.")

Here, the materials submitted include an affidavit from defense counsel which is supported by contemporaneous notes. The affidavit supplies the Government's factual response to the 2255 motion. It was filed in October 2021. (Doc. 331.) On January 3, 2022, Mr. Diaz-Alicea sought and received additional time to respond to defense counsel's affidavit. (Doc. 335.) Mr. Diaz-Alicea never submitted a response. Under these circumstances, the court concludes that Judge Doyle acted correctly in ruling on the merits of the petition without an evidentiary hearing. The defense attorney's affidavit was detailed and supported by his notes and letters to Mr. Diaz-Alicea. With no contradictory affidavit or statement, there was no basis on which to conclude that the facts were disputed or that credibility issues required an evidentiary hearing. *See Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) ("It was, therefore, within the district court's discretion to choose a middle road that avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing.")

prongs are evidence of deficient performance and of prejudice to the defendant.
*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record contains no evidence of either
deficient performance or prejudice.

It is clear from defense counsel's letter to Mr. Diaz-Alicea and from the defense
counsel's notes that he and Mr. Diaz-Alicea made a conscious, strategic decision not to challenge
the inclusion of the drugs seized in November 2014 within relevant conduct for guidelines
purposes. The decision was not only purposeful—it appears to have been canny since the
amounts seized did not substantially change the guidelines and an effort to distance Mr. Diaz-
Alicea from Mr. Cruz (who was the driver at the traffic stop) would have been undercut by
Mr. Cruz's decision to identify himself as Mr. Diaz-Alicea by handing the police officer
Mr. Diaz-Alicea's driver's license. (Doc. 165 at 1.)

The court also agrees with Judge Doyle's conclusion that defense counsel "rendered
'reasonable professional judgment' in his careful assessment of whether it was advisable to
challenge the quantities seized during the November 2014 car stop." (Doc. 346 at 10.) Mr. Diaz-
Alicea provided no evidence from an expert witness that his counsel's decision fell short of
professional standards. Beyond the statements in the petition itself, Mr. Diaz-Alicea provides no
evidence from a lay witness either. Judge Doyle applied the "strong presumption that counsel's
conduct falls within the wide range of reasonable assistance." (*Id.* (quoting *Raysor v. United
States*, 647 F.3d 491, 495 (2d Cir. 2011)). In the absence of record evidence from the petitioner
to support either a finding of deficient performance or prejudice, the court adopts Judge Doyle's
denial of Mr. Diaz-Alicea's petition on the merits of his ineffective-assistance-of-counsel claim
concerning the drugs seized at the traffic stop.

**B.     Assurance That Sentence Would Be No Longer Than 60 Months**

Mr. Diaz-Alicea asserts that defense counsel assured him that he would receive no more than 60 months of imprisonment for the offense conduct. (Doc. 318.) Defense counsel denies saying such a thing. (Doc. 331 ¶ 11.) The claim is essentially one of ineffective assistance of counsel: the attorney is alleged to have persuaded Mr. Diaz-Alicea to plead guilty on the basis of a false promise of a relatively lenient outcome.

In denying this claim, Judge Doyle relied upon the plea agreement—which contained no provision limiting the sentence to 60 months—and the plea colloquy that specifically informed Mr. Diaz-Alicea that the sentence could be different from any estimate his attorney or anyone else may have provided. (Doc. 346 at 11–13.)

The court agrees with Judge Doyle that the plea agreement and the colloquy made it clear to Mr. Diaz-Alicea that the maximum possible sentence (40 years) was much greater than the mandatory minimum of 60 months and that the sentence could exceed any forecast he may have received. To the evidence Judge Doyle cited, the court adds defense counsel's unequivocal statement, "I simply never said anything, or made any representation to Mr. Diaz-Alicea anything in the nature of an assertion that I ever told him that he could not receive more than 60 months." (Doc. 331 ¶ 19.) The court agrees with Judge Doyle's assessment that Mr. Diaz-Alicea's bare assertion that his attorney promised a lower sentence is insufficient to sustain a claim of ineffective assistance of counsel. Therefore, the court adopts Judge Doyle's denial of Mr. Diaz-Alicea's petition on the merits of this claim also.

**C.     1:1 Ratio of Crack Cocaine to Powder Cocaine**

At sentencing, the court varied downwards to impose a sentence below the guideline range of 140 to 175 months. In doing so, the court identified the 1:1 ratio of crack cocaine to

powder cocaine as the basis for the variance. (Doc. 273 at 46:14–25.) On direct appeal, Mr. Diaz-Alicea argued that the court should have recalculated the guidelines based on the 1:1 ratio. At sentencing, the court declined exactly that invitation, imposing a variance without specifying the change in the offense severity score. (*Id.* at 47:1–8.) In its summary order, the Second Circuit also rejected the argument: "In [rejecting the 18:1 crack to powder ratio], the court is not compelled to recalculate the applicable range or to use any particular replacement ratio." *Diaz-Alicea*, 813 F. App'x at 651.

Judge Doyle recommended denying this basis of Mr. Diaz-Alicea's petition because the Second Circuit already addressed it on direct appeal. (Doc. 346 at 15–16.) The court agrees. Because this issue was squarely resolved on direct appeal, it provides no basis for Mr. Diaz-Alicea's collateral attack on the judgment here. *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." (internal quotation marks omitted)). Therefore, the court adopts Judge Doyle's denial of Mr. Diaz-Alicea's petition on this claim.

### D.    Disproportionate Sentence

This conspiracy featured two leaders: Mr. Cruz and Mr. Diaz-Alicea. The court sentenced each to the same term of ten years (120 months) total even though Mr. Cruz pled guilty to two counts and Mr. Diaz-Alicea to one. The Second Circuit already rejected a version of this claim on direct appeal: "In any event, the District Court considered the relative culpability of Diaz-Alicea and his co-defendants, and it reasonably concluded that Diaz-Alicea's more extensive criminal history and history of violence supported a longer sentence." *Diaz-Alicea*, 813 F. App'x at 651. Mr. Diaz-Alicea repackages this claim as an ineffective-assistance-of-counsel claim.

In rejecting this aspect of Mr. Diaz-Alicea's petition, Judge Doyle highlighted defense counsel's effort to put daylight between Mr. Cruz and Mr. Diaz-Alicea. (Doc. 346 at 13–15.) That was certainly a principal theme of the sentencing hearing. The sentencing transcript documents defense counsel's efforts. There is nothing in the transcript or in the other actions taken by defense counsel that demonstrate a failure or shortcoming in presenting the argument that Mr. Diaz-Alicea should serve a shorter sentence than his co-conspirator. Defense counsel's efforts were ardent and reasoned, but they proved unpersuasive in the end. That is no reason to set aside the judgment. The court agrees with Judge Doyle that Mr. Diaz-Alicea has failed to meet his burden of demonstrating either that his counsel rendered deficient performance or that his counsel's performance prejudiced him at sentencing. Therefore, the court adopts Judge Doyle's denial of Mr. Diaz-Alicea's petition on this claim as well.

## II.     Motion for Appointment of Counsel

In August 2021, Mr. Diaz-Alicea moved for appointment of counsel. (Doc. 324.) Judge Doyle recommended that the court deny this motion, explaining that Mr. Diaz-Alicea's § 2255 motion neither raised complex issues nor showed a likelihood of success on the merits. (Doc. 346 at 17–18.) The court agrees. Mr. Diaz-Alicea's petition did not raise factual or legal issues sufficient to justify appointment. There was no need for an evidentiary hearing. Under these circumstances, therefore, the court adopts Judge Doyle's denial of Mr. Diaz-Alicea's motion for the appointment of counsel.

### Conclusion

For the foregoing reasons, the court ADOPTS the Report and Recommendation. (Doc. 346.) The court DENIES Mr. Diaz-Alicea's petition under 28 U.S.C. § 2255. (Doc. 318.) The court DENIES the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253

8

because the petitioner has not made a substantial showing of the denial of a constitutional right.

The court also DENIES Mr. Diaz-Alicea's Motion for Appointment of Counsel. (Doc. 324.)

Dated at Rutland, in the District of Vermont, this 12th day of April, 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court